Peter Afrasiabi Esq. (Bar No. 193336)
      pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Phone:      (949) 502-2870
Facsimile:  (949) 258-5081
www.onellp.com

Joanna Ardalan, Esq. (Bar No. 285384)
      jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse
Beverly Hills, CA 90210
Phone:  (310) 437-8665

*Attorneys for Plaintiff, Backgrid USA, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BACKGRID USA INC., a California corporation,<br><br>         Plaintiff,<br><br>v.<br><br>VIACOM INC., a Delaware Corporation; VIACOM INTERNATIONAL INC., a Delaware Corporation; VIACOM INTERNATIONAL MEDIA NETWORKS UK LTD., a UK limited company; VIMN AUSTRALIA PTY. LTD., an Australian Limited Company; MTV NETWORKS LATIN AMERICA, INC., a Delaware Corporation, MTV NETWORKS SARL; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>2. **REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

1.     Plaintiff, Backgrid USA, Inc., complains against Defendant Viacom Inc., Defendant Viacom International Inc., Defendant Viacom International Media Networks UK Ltd., Defendant VIMN Australia Pty. Ltd., Defendant MTV Networks Latin America, Inc., Defendant MTV Networks SARL, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

2.     This is a civil action against Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and removal of copyright management information under 17 U.S.C. § 1202. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

3.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendants may be found and transact business in this judicial district, and the injury suffered by Plaintiff took place in this judicial district.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendants have a corporate presence in this judicial district and/or have subjected themselves to jurisdiction in this district because they each profit from and display advertisements that target Southern California residents.

## PARTIES

4.     Plaintiff Backgrid USA, Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

5.     Defendant Viacom, Inc. (hereinafter "Viacom") is a corporation existing under the laws of Delaware, with its principal place of business in New York, New York.

6.     Defendant Viacom International, Inc. (hereinafter "Viacom International") is a corporation existing under the laws of Delaware, with its principal place of business in New York, New York. On information and belief, Viacom International is a subsidiary of

Viacom, Inc. On information and belief, Viacom International has offices in Los Angeles, California.

7. Defendant Viacom International Media Networks UK Ltd. (hereinafter "Viacom UK") is a limited company existing under the laws of the United Kingdom, with its principal place of business in London, United Kingdom. On information and belief, Viacom International Media Networks UK Ltd., is a subsidiary of Viacom, Inc.

8. Defendant VIMN Australia Pty. Ltd. (hereinafter "Viacom Australia") is a limited company existing under the laws of Australia, with its principal place of business in Sydney, Australia. On information and belief, VIMN Australia Pty. Ltd., is a subsidiary of Viacom, Inc.

9. Defendant MTV Networks Latin America, Inc., (hereinafter "MTV Latin America") is a corporation existing under the laws of Delaware, with its principal place of business in Miami Beach, Florida. On information and belief, MTV Networks Latin America, Inc. is a subsidiary of Viacom International, Inc.

10. Defendant MTV Networks SARL (hereinafter "MTV France") is a corporation existing under the laws of France, with its principal place of business in Neuilly sur Seine, France. On information and belief, MTV France is a subsidiary of Viacom, Inc.

11. On information and belief, each Defendant's goal of targeting viewers in Southern California is evident based on advertising materials directly targeting southern California residents as evident from the websites at issue in this litigation.

12. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

//
//
//

# FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

13. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies and has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

14. Among many other in-demand photographs, Backgrid owns coveted photographs of well-known celebrities such as Katy Perry, Justin Bieber, Rihanna, Taylor Swift, Kylie Kardashian, Kourtney Kardashian, among many others (herein referred to as "Celebrity Photographs"). All rights, title and interest in the Celebrity Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by Backgrid, including certain copyrights that have been transferred from AKM-GSI Media, Inc. to Backgrid.

15. The Celebrity Photos are registered within 90 days of their first publication with the United States Copyright Office. A true and correct copy of the copyright registrations is attached as Exhibit A.

*Defendants and Their Willful Infringing Activity*

16. Viacom is "home to premier global media brands that create compelling entertainment content … for audiences in more than 180 countries." (http://www.viacom.com/about.) On information and belief, Viacom is one of the world's most prolific content producers that reaches 4.3 billion people in television programing in addition to running some of the most popular websites in the world.

17. On information and belief, Defendants own, operate and control certain websites, as well as Instagram accounts that link back to and promote their websites. On information and belief:

    a. Viacom International owns, operates, and controls:
- https://www.instagram.com/mtv/
- www.vh1.com/
- https://www.instagram.com/trl/
- http://www.mtv.pl

(hereinafter the "Viacom International Websites").

    b. Viacom UK owns, operates, and controls:
- http://www.mtv.co.uk
- https://www.instagram.com/mtvuk/

(hereinafter "Viacom UK Websites").

    c. Viacom Australia owns, operates, and controls:
- www.mtv.com.au
- https://www.instagram.com/mtvaustralia/

(hereinafter the "Viacom Australia Websites").

    d. MTV Networks Latin America, Inc., owns, operates, and controls:
- www.mtv.com.br

(hereinafter the "MTV Latin America Website").

    e. MTV Networks SARL, owns, operates, and controls
- www.mtv.fr

(hereinafter the "MTV France Website").

On information and belief, Viacom, Inc., at least, controls each subsidiary and the above listed websites.

18. Viacom and its subsidiaries are sophisticated parties who as content producers are affected by the copyright infringement. According to Viacom's 2017 10-K Annual Report, filed with the SEC, Viacom warns its investors that "Notwithstanding [Viacom's]

efforts and many legal protections that exist to combat piracy, the proliferation of content theft and technological tools with which to carry it out continue to be a challenge. The failure to maintain enhanced legal protections and enforcement tools … could make it more difficult for us to adequately protect our intellectual property, which ***could negatively impact its value.***"

19. Viacom also represents to its investors in its 2017 10-K that "Copyright theft has an adverse effect on our business because it reduces the revenue that we are able to receive from the legitimate sale and distribution of our content, undermines lawful distribution channels, reduces the public's perceived value of our content and inhibits our ability to recoup or profit from the costs incurred to create such works."

20. Despite being affected by copyright infringement, Defendants are directly responsible for misappropriating the Celebrity Photographs by posting them on their respective websites. Defendants' infringement of Backgrid's copyrights cause the same harm to Backgrid that they complain of in their SEC filings.

21. On information and belief, Defendants have driven significant traffic to their websites and Instagram sites in large part due to the presence of the sought after and searched-for celebrity images that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

22. Defendants have failed to enter into licenses for their use of the copyrights to photographs, including the Celebrity Photographs that frame this dispute.

23. On information and belief, Defendants' goal of reaching users around the United States and beyond is evident in the advertising materials displayed by each Defendant, which include some that target Southern California specifically.

24. Defendants induced, caused, or materially contributed to the reproduction, distribution and public display of the Celebrity Photos, and derivatives thereof, all while knowing or having reason to know of the infringement on their websites was without permission, consent, or license because, inter alia, the Celebrity Photographs are expressly

credited with 'Backgrid' when published through legitimate licensed outlets and are professional-grade and in high-resolution.

25. On information and belief, Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated online publishers with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

26. Backgrid sent a demand letter to Viacom, Inc.'s general counsel along with a draft complaint on or around May 10, 2018. Viacom ignored the demand entirely. Defendants' infringement of Plaintiff's photographs, and derivatives thereof, continues unabated to this very day. On information and belief, Viacom and its subsidiaries' blatant disregard for the intellectual property of third parties results from the policies and practices of Viacom.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501 Against Viacom and Viacom International**)

27. Backgrid incorporates here by reference the allegations in paragraphs 1 through 26 above.

28. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

29. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

30. Defendant Viacom and Viacom International have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing certain of the Celebrity Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq*. A true and correct copy of Viacom and Viacom International's infringements on the Viacom International Websites is attached as Exhibit B.

31. All of Viacom and Viacom International's acts are and were performed without permission, license, or consent of Backgrid.

32. Backgrid has identified at least 5 instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

33. As a result of the acts of Viacom and Viacom International as alleged herein, Backgrid has suffered substantial economic damage.

34. Viacom and Viacom International have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' infringement and the financial benefit it receives from Backgrid's copyrights.

35. The wrongful acts of Viacom and Viacom International have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Viacom and Viacom International are infringing Backgrid copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

36. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 750,000 in statutory damages for the at-least 5 infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501 Against Viacom and Viacom UK)**

37. Backgrid incorporates here by reference the allegations in paragraphs 1 through 36 above.

38. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material

wholly original and which are copyrightable subject matter under the laws of the United States.

39. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

40. Viacom and Viacom UK have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing certain of the Celebrity Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq.* A true and correct copy of Viacom and Viacom UK's infringements on the Viacom UK Websites is attached as Exhibit C.

41. All of Viacom and Viacom UK's acts are and were performed without permission, license, or consent of Backgrid.

42. Backgrid has identified at least one instance of infringement by way of unlawful reproduction and display of Backgrid's photograph (as well as the unlawful facilitation of other's reproduction of its photographs).

43. As a result of the acts of Viacom and Viacom UK alleged herein, Backgrid has suffered substantial economic damage.

44. Viacom and Viacom UK have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' infringement and the financial benefit it receives from Backgrid's copyrights.

45. The wrongful acts of Viacom and Viacom UK have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Viacom and Viacom UK are infringing Backgrid copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

46. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 150,000 in statutory damages for the infringed photograph, in addition to its attorney's fees.

### THIRD CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 Against Viacom and Viacom Australia)

47. Backgrid incorporates here by reference the allegations in paragraphs 1 through 46 above.

48. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

49. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

50. Viacom and Viacom Australia have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing certain of the Celebrity Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq.* A true and correct copy of Viacom and Viacom Australia's infringements on the Viacom Australia Websites is attached as Exhibit D.

51. All of Viacom and Viacom Australia's acts are and were performed without permission, license, or consent of Backgrid.

52. Backgrid has identified at least 7 instances of infringement by way of unlawful reproduction and display of Backgrid's photograph (as well as the unlawful facilitation of other's reproduction of its photographs).

53. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

54. Viacom and Viacom Australia have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying,

distributing, and utilizing its photographs by, among other things, virtue of Defendants' infringement and the financial benefit it receives from Backgrid's copyrights.

55. The wrongful acts of Viacom and Viacom Australia have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Viacom and Viacom Australia are infringing Backgrid copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

56. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 1,050,000 in statutory damages for the 7 infringed photographs, in addition to its attorney's fees.

## FOURTH CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501 Against Viacom, Viacom International, and MTV Latin America)

57. Backgrid incorporates here by reference the allegations in paragraphs 1 through 56 above.

58. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

59. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

60. Viacom and Viacom Latin America have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing certain of the Celebrity Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq.* A true and correct copy of Viacom, Viacom International, and MTV Latin America's infringements on the MTV Latin America Websites is attached as Exhibit E.

61. All of Viacom and Viacom Latin America's acts are and were performed without permission, license, or consent of Backgrid.

62. Backgrid has identified at least two instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

63. As a result of the acts of Viacom and Viacom Latin America alleged herein, Backgrid has suffered substantial economic damage.

64. Viacom and Viacom Latin America have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' infringement and the financial benefit it receives from Backgrid's copyrights.

65. The wrongful acts of Viacom and Viacom Latin America have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Viacom and Viacom Latin America are infringing Backgrid copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

66. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 300,000 in statutory damages for the two infringed photographs, in addition to its attorney's fees.

## FIFTH CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501 Against Viacom and MTV France)**

67. Backgrid incorporates here by reference the allegations in paragraphs 1 through 66 above.

68. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material

wholly original and which are copyrightable subject matter under the laws of the United States.

69. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

70. Defendant MTV France and Viacom have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing certain of the Celebrity Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq.* A true and correct copy of Viacom and Viacom International's infringements on the Viacom International Websites is attached as Exhibit F.

71. All of the Viacom and MTV France acts are and were performed without permission, license, or consent of Backgrid.

72. Backgrid has identified at least 4 instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

73. As a result of the acts of Viacom and MTV France as alleged herein, Backgrid has suffered substantial economic damage.

74. Viacom and MTV France have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photograph by, among other things, virtue of Defendants' infringement and the financial benefit it receives from Backgrid's copyrights.

75. The wrongful acts of Viacom and Viacom International have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Viacom and Viacom International are infringing Backgrid copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

76. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 150,000 in statutory damages for the infringed photograph, in addition to its attorney's fees.

## SIXTH CLAIM FOR RELIEF

### (Removal of Copyright Management Information, 17 U.S.C. § 1202 against all Defendants)

77. Backgrid incorporates here by reference the allegations in paragraphs 1 through 76 above.

78. Each of the Celebrity Photographs contained information regarding the author and copyright owner of the work that constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

79. As illustrated by Exhibits B-F and detailed *supra*, in conjunction with their respective public display of the Celebrity Photographs, Defendants have frequently removed Backgrid as the owner of certain Celebrity Photographs and has omitted the name of the photographer. On information and belief, Defendants have knowingly removed the copyright management information despite having full knowledge of Backgrid's rights.

80. As such, Plaintiff is informed and believes and, on that basis, alleges that Defendants knowingly, and without authority of Backgrid or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Plaintiff's copyright, removed and/or caused or induced others to remove copyright management information in violation of 17 U.S.C. § 1202(b)(1) & (2).

81. Defendants' removal and alteration of copyright management information of the Celebrity Photographs and subsequent distribution of the Celebrity Photographs with said removed copyright management information was and is willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under copyright law, and in disregard of Plaintiff's rights.

82. Backgrid is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into

account in computing actual damages, or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal.

83. Backgrid is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

84. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages. Under 17 U.S.C. § 1202(b), Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. The Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2. The Court enter a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff Backgrid's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Backgrid's copyrights in the Photos as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter

15
COMPLAINT

devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4. Actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. §§ 504 (a)(1) & (b) and 1203(c)(2);

5. Statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and § 1203(c)(3));

6. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5);

6. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(4); and

7. Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  August 17, 2018                    **ONE LLP**

By:  /s/ Joanna Ardalan
Joanna Ardalan
Attorneys for Plaintiff,
Backgrid USA, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff Backgrid USA, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated:  August 17, 2018                    **ONE LLP**

By:  /s/ Joanna Ardalan
Joanna Ardalan
Attorneys for Plaintiff,
Backgrid USA, Inc.