DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendants
VIACOM INC., VIACOM
INTERNATIONAL INC., VIMN
AUSTRALIA PTY. LIMITED, MTV
NETWORKS LATIN AMERICA INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIACOM INC., a Delaware corporation; VIACOM INTERNATIONAL INC., a Delaware corporation; VIACOM INTERNATIONAL MEDIA NETWORKS UK LTD., a UK limited company; VIMN AUSTRALIA PTY. LTD., an Australian limited company; MTV NETWORKS LATIN AMERICA, INC., a Delaware corporation, MTV NETWORKS SARL; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-7267-SJO-MRW<br><br>Assigned to Hon. James Otero<br><br>**DEFENDANTS VIACOM INC., VIACOM INTERNATIONAL INC., AND MTV NETWORKS LATIN AMERICA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: August 17, 2018 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

DEFENDANTS' ANSWER TO COMPLAINT

Defendants VIACOM INC., VIACOM INTERNATIONAL INC., and MTV NETWORKS LATIN AMERICA INC. (collectively "Defendants") as and for their answer to the Complaint of Plaintiff Backgrid USA, Inc. ("Backgrid") admit, deny and aver as follows:

1. Defendants admit that Backgrid has made allegations against Defendants. Defendants deny the remaining allegations of paragraph 1, express or implied.

## JURISDICTION AND VENUE

2. Defendants deny the allegations of paragraph 2, express or implied.

3. Defendants deny the allegations of paragraph 3, express or implied.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of Backgrid's allegations that it is a corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California, and on that basis deny those allegations.

5. Defendants admit that Viacom Inc. is a corporation existing under the laws of Delaware, with its principal place of business in New York, New York.

6. Defendants admit that Viacom International Inc. is a corporation existing under the laws of Delaware, with its principal place of business in New York, New York. Defendants admit that Viacom International Inc. is a subsidiary of Viacom Inc. and that Viacom International Inc. has offices in Los Angeles, California.

7. Defendants admit that Viacom International Media Networks U.K. Ltd. is a limited company existing under the laws of the United Kingdom, with its principal place of business in London, United Kingdom. Defendants admit that Viacom International Media Networks U.K. Ltd. is an indirect subsidiary of Viacom Inc.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

1    DEFENDANTS' ANSWER TO COMPLAINT

8. Defendants admit that VIMN Australia Pty. Limited is a limited company existing under the laws of Australia, with its principal place of business in Sydney, Australia. Defendants admit that VIMN Australia Pty. Limited is an indirect subsidiary of Viacom Inc.

9. Defendants admit that MTV Networks Latin America Inc. is a corporation existing under the laws of Delaware, with its principal place of business in Miami Beach, Florida. Defendants admit that MTV Networks Latin America Inc. is a subsidiary of Viacom International Inc.

10. Defendants admit that MTV Networks SARL is a corporation existing under the laws of France, with its principal place of business in Neuilly sur Seine, France. Defendants admit that MTV Networks SARL is an indirect subsidiary of Viacom Inc.

11. Defendants deny the allegations of paragraph 11, express or implied.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis deny those allegations.

**FACTS**

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis deny those allegations.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis deny those allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis deny those allegations.

16. Defendants admit that Viacom is home to premier global media brands that create compelling entertainment content for audiences in more than 180

1  countries.  Defendants deny the remaining allegations of paragraph 16, express or
2  implied.  Various media networks indirectly owned by Viacom Inc. through
3  subsidiaries produce content, but Viacom Inc. does not.
4      17.  Defendants deny that Viacom Inc. controls Viacom International Inc.,
5  Viacom International Media Networks U.K. Ltd., VIMN Australia Pty. Limited,
6  MTV Networks Latin America Inc., and MTV Networks SARL.
7          a.  Defendants admit that Viacom International Inc. owns and operates
8  the websites https://www.instagram.com/mtv/, https://www.instagram.com/trl/, and
9  www.vh1.com/, but deny Backgrid's allegations that Viacom International Inc.
10 owns and operates the website http://mtv.pl.  The website http://mtv.pl is owned
11 and operated by VIMN Netherlands B.V.
12         b.  Defendants admit that Viacom International Media Networks U.K.
13 Ltd. owns and operates the websites http://www.mtv.co.uk and
14 https://www.instagram.com/mtvuk/.
15         c.  Defendants admit that VIMN Australia Pty. Limited owns and
16 operates the websites http://www.mtv.co.au and
17 https://www.instagram.com/mtvaustralia/.
18         d.  Defendants further deny the allegations in paragraph 17, that MTV
19 Networks Latin America Inc. owns and operates the website www.mtv.br, which is
20 in fact owned and operated by Viacom Networks Brasil Ltda.
21         e.  Defendants admit the allegations in paragraph 17 that MTV
22 Networks SARL owns and operates the website http://www.mtv.fr.
23     18.  Defendants admit the existence of the quoted language in paragraph 18,
24 but deny with respect to the emphasis added by Backgrid.
25     19.  Defendants admit the existence of the quoted language in paragraph 19.
26     20.  Defendants admit Backgrid's allegation in paragraph 20 that
27 Defendants are affected by copyright infringement, but deny all remaining
28 allegations of this paragraph, express or implied.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

3            DEFENDANTS' ANSWER TO COMPLAINT

21. Defendants deny the allegations of paragraph 21, express or implied.

22. Defendants deny the allegations of paragraph 22, express or implied.

23. Defendants deny the allegations of paragraph 23, express or implied.

24. Defendants deny the allegations of paragraph 24, express or implied.

25. Defendants deny the allegations of paragraph 25, express or implied.

26. Defendants admit Backgrid's allegation in paragraph 26 that Backgrid sent a demand letter and draft complaint via email to copyright@mtvn.com on or around May 10, 2018. Automatic replies to this email address state as follows: "We attempt to respond to all inquiries having to do with DMCA compliance and alleged copyright infringement as soon as possible. Any email submitted for these purposes must state either "DMCA NOTICE" OR "COPYRIGHT INFRINGEMENT NOTICE" in the subject line. If you did not include the appropriate subject in your email, please re-send your email with the correct subject line." Backgrid's email did not contain either subject line and instead stated: "FRE 408- Confidential Settlement Communication Viacom's Unlawful Use of Backgrid's Photos." Viacom Inc.'s general counsel did not receive Backgrid's email. Defendants deny the remaining allegations of this paragraph, express or implied.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501 Against Viacom Inc. and Viacom International Inc.)

27. Defendants reallege and incorporate by reference as though set forth fully herein their answers to paragraphs 1-26.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis deny those allegations.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

4

DEFENDANTS' ANSWER TO COMPLAINT

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and on that basis deny those allegations.

30. Defendants deny the allegations of paragraph 30, express or implied.

31. Defendants deny the allegations of paragraph 31, express or implied.

32. Defendants deny the allegations of paragraph 32, express or implied.

33. Defendants deny the allegations of paragraph 33, express or implied.

34. Defendants deny the allegations of paragraph 34, express or implied.

35. Defendants deny the allegations of paragraph 35, express or implied.

36. Defendants deny the allegations of paragraph 36, express or implied.

## SECOND CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C. § 501 Against Viacom Inc. and Viacom International Media Networks U.K. Ltd.)

37. Defendants state that no response is required to the allegations in paragraphs 37 through 46 based on the dismissal of the claims asserted against Viacom International Media Networks U.K. Ltd., and to the extent a response is required, deny the allegations therein.

## THIRD CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C. § 501 Against Viacom Inc. and Viacom Australia Pty. Limited)

38. Defendants reallege and incorporate by reference as though set forth fully herein their answers to paragraphs 1-37.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and on that basis deny those allegations.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and on that basis deny those allegations.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

5

DEFENDANTS' ANSWER TO COMPLAINT

41. Defendants deny the allegations of paragraph 50, express or implied.

42. Defendants deny the allegations of paragraph 51, express or implied.

43. Defendants deny the allegations of paragraph 52, express or implied.

44. Defendants deny the allegations of paragraph 53, express or implied.

45. Defendants deny the allegations of paragraph 54, express or implied.

46. Defendants deny the allegations of paragraph 55, express or implied.

47. Defendants deny the allegations of paragraph 56, express or implied.

## FOURTH CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 Against Viacom Inc., Viacom International Inc., and MTV Networks Latin America Inc.)

48. Defendants reallege and incorporate by reference as though set forth fully herein their answers to paragraphs 1-47.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and on that basis deny those allegations.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and on that basis deny those allegations.

51. Defendants deny the allegations of paragraph 60, express or implied.

52. Defendants deny the allegations of paragraph 61, express or implied.

53. Defendants deny the allegations of paragraph 62, express or implied.

54. Defendants deny the allegations of paragraph 63, express or implied.

55. Defendants deny the allegations of paragraph 64, express or implied.

56. Defendants deny the allegations of paragraph 65, express or implied.

57. Defendants deny the allegations of paragraph 66, express or implied.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

6

DEFENDANTS' ANSWER TO COMPLAINT

## FIFTH CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 Against Viacom Inc., and MTV Networks SARL)

58. Defendants reallege and incorporate by reference as though set forth fully herein their answers to paragraphs 1-57.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and on that basis deny those allegations.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and on that basis deny those allegations.

61. Defendants deny the allegations of paragraph 70, express or implied.

62. Defendants deny the allegations of paragraph 71, express or implied.

63. Defendants deny the allegations of paragraph 72, express or implied.

64. Defendants deny the allegations of paragraph 73, express or implied.

65. Defendants deny the allegations of paragraph 74, express or implied.

66. Defendants deny the allegations of paragraph 75, express or implied.

67. Defendants deny the allegations of paragraph 76, express or implied.

## SIXTH CLAIM FOR RELIEF

### (Removal of Copyright Management Information, 17 U.S.C. § 1202 Against All Defendants)

68. Defendants reallege and incorporate by reference as though set forth fully herein their answers to paragraphs 1-67.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and on that basis deny those allegations.

70. Defendants deny the allegations of paragraph 79, express or implied.

71. Defendants deny the allegations of paragraph 80, express or implied.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

7

DEFENDANTS' ANSWER TO COMPLAINT

72. Defendants deny the allegations of paragraph 81, express or implied.

73. Defendants deny the allegations of paragraph 82, express or implied.

74. Defendants deny the allegations of paragraph 83, express or implied.

75. Defendants deny the allegations of paragraph 84, express or implied.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Defendants do not thereby allege, admit or imply that they have the burden of proof with respect to any of the said matters. As separate and affirmative defenses to Backgrid's Complaint, Defendants allege as follows:

### First Affirmative Defense

76. The Complaint, and each and every cause of action against Defendants contained therein, separately and individually, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

77. Backgrid's claims are barred, in whole or in part, because Backgrid does not own the copyrights to the allegedly infringed works.

### Third Affirmative Defense

78. The Court lacks subject matter jurisdiction over Backgrid's claims because Backgrid lacks standing to assert its claims.

### Fourth Affirmative Defense

79. The Court lacks personal jurisdiction over Backgrid's claims because, with regard to out of state infringements, there is no basis to exercise either general or specific jurisdiction over the named defendants.

### Fifth Affirmative Defense

80. Backgrid's claims are barred, in whole or in part, to the extent that Backgrid has failed to properly or timely register its purported works with the United States Copyright Office.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

8

DEFENDANTS' ANSWER TO COMPLAINT

### Sixth Affirmative Defense

81. Backgrid's claims are barred, in whole or in part, because the allegedly copied works are not original to Backgrid and/or do not constitute protectable copyrightable matter.

### Seventh Affirmative Defense

82. Backgrid's claims are barred, in whole or in part, because Backgrid's purported copyrights are invalid and/or unenforceable.

### Eighth Affirmative Defense

83. Backgrid's claims are barred, in whole or in part, by the doctrine of fair use.

### Ninth Affirmative Defense

84. Backgrid's claims are barred, in whole or in part, because of Backgrid's license, consent and/or acquiescence to the alleged use of Backgrid's purported copyrights.

### Tenth Affirmative Defense

85. Backgrid's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or ratification.

### Eleventh Affirmative Defense

86. Backgrid's claims are barred, in whole or in part, by the statute of limitations.

### Twelfth Affirmative Defense

87. Backgrid's claims for direct infringement are barred, in whole or in part, because the alleged primary infringements were not caused by any conduct by Defendants and are not otherwise attributable to Defendants, and with respect to the allegedly infringing foreign websites, the alleged primary infringements occurred outside the U.S. and were not directed to California.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

9    DEFENDANTS' ANSWER TO COMPLAINT

### Thirteenth Affirmative Defense

88. Backgrid's claims for vicarious infringement are barred, in whole or in part, because Defendants did not and do not have the right or ability to control the alleged primary infringement and/or did not obtain a financial benefit directly attributable to the alleged primary infringement.

### Fourteenth Affirmative Defense

89. Backgrid's claims for contributory infringement are barred, in whole or in part, because Defendants did not have knowledge of the alleged primary infringement and/or did not induce, cause or materially contribute to the alleged primary infringement.

### Fifteenth Affirmative Defense

90. Backgrid's claims for inducement are barred, in whole or in part, because Defendants did not have knowledge of the alleged primary infringement and/or took no active steps to encourage the alleged primary infringement.

### Sixteenth Affirmative Defense

91. Backgrid's claims for removal of copyright management information are barred, in whole or in part, because the alleged removal was not caused by any volitional conduct by Defendants and is not otherwise attributable to Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Backgrid as follows:

1. That Backgrid recover nothing by its Complaint, and that the Complaint be dismissed with prejudice;

2. That Defendants be awarded all costs, fees, expenses and disbursements that they have incurred and will incur in the defense of this suit; and

3. For such other and further relief as the Court deems just and proper.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

10    DEFENDANTS' ANSWER TO COMPLAINT

Dated: January 14, 2019

LOEB & LOEB LLP
DAVID GROSSMAN

By: */s/ David Grossman*
David Grossman
Attorneys for Defendants
VIACOM INC., VIACOM INTERNATIONAL INC., and MTV NETWORKS LATIN AMERICA INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

11   DEFENDANTS' ANSWER TO COMPLAINT

## **DEMAND FOR JURY TRIAL**

The below listed defendants hereby demand a jury trial in connection with all issues so triable.

Dated:  January 14, 2019

LOEB & LOEB LLP
DAVID GROSSMAN

By: */s/ David Grossman*
David Grossman
Attorneys for Defendants
VIACOM INC., VIACOM INTERNATIONAL INC., and MTV NETWORKS LATIN AMERICA INC.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

17244075
219132-10010

12                    DEFENDANTS' ANSWER TO COMPLAINT